Hearing Date: March 23, 2016

Hearing time: 10:00 AM

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

_____

Case No. 1:15-bk-13262

In Re:

Charles Woods,                                                     Chapter 7

Debtor

_____

# AFFIDAVIT OF NOVARRO BELL

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss: |
| COUNTY OF RICHMOND | ) |

Novarro Bell, being duly sworn, hereby deposes and says:

1. I am a Fifty percent (50%) beneficiary of the real property known as 334 Convent Avenue, New York, N.Y. 10031.

2. This property has been sold Wednesday December 9, 2015 by the office of the Public Administrator. Surrogate Kings Court, 360 Adams Street, Brooklyn, NY. File No. 4792/C/D/08.

3. With reference to the Notice of Motion to Convert from Chapter 7 to 13, filed 03/07/16 and Entered 03/07/16 by Tanya P. Dwyer, Esq. (TD2845), paragraph 15. Charles Woods does **NOT** have a daughter, Carolyn Woods. Charles Woods has never had any children. He cannot be receiving income from a child that he does not have. He cannot show a birth certificate or any proof for a child that he never had.

_____
Novarro Bell

Sworn to before me, a Notary Public of the State of New York, Richmond County, this 21st day of March, 2016.

PRADIPCHANDRA RASIKLAL SHAH
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01SH6261185
Qualified in Richmond County
Commission Expires May 7, 2016

Notary Public

LAW OFFICES
## BERKMAN, HENOCH, PETERSON, PEDDY & FENCHEL, P.C.

100 GARDEN CITY PLAZA, GARDEN CITY, NY 11530

TELEPHONE: (516) 222-6200

FACSIMILE: (516) 222-6209

SETTLEMENT CONFERENCE FAX
(318) 535-0109

E-MAIL: bhpfirm3@bhpp.com

WEBSITE: www.bhpp.com

STEVEN J. PEDDY
GARY FRIEDENBERG
MIRIAM R. MILGROM
JOSEPH E. MACY
RUDOLF J. KARVAY
GREGORY P. PETERSON
SAUL FENCHEL**
KENNETH S. BERKMAN (1956-2007)
PETER P. PETERSON (1939-2001)

KEITH ABRAMSON
BRUCE J. BERGMAN
STEVEN BROCK
ROBERT A. CARRUBA
VINSON J. FRIEDMAN
STANLEY MISHKIN
TODD C. STECKLER
PETER SULLIVAN
ERICK R. VALLELY

MATTHEW B. BROWS
KEVIN M. BUTLER
MICHAEL C. PELLUPO
LISA M. CASA
JANET N. ELAGOFF
DANIEL J. EBERS
RACHEL FELK
JENA GOLDBERGER
TIFFANY HENRY
THOMAS HOCKER

ADAM S. KALB
PEJIA M. KINRICH
MEGAN MCNAMARA
MADELYNE MOSTILLER
SONIA NAPOLITANO
RANDY S. NISSAN
PAVLO PAVLATOS
DANIELLE N. RAZZOUK
CHRISTOPHER F. ULTO

*ADMITTED
**ADMITTED IN NEW YORK, CALIFORNIA, FLORIDA, NEW JERSEY, PENNSYLVANIA, AND DISTRICT OF COLUMBIA

COUNSEL
GILBERT HENOCH
DAVID R. KAY
MARYBETH MALLOY
JOSEPH N. MONDELLO
WILLIAM O. SICOLI

WRITER'S DIRECT DIAL:

December 4, 2015

Novarro Bell
35 Henderson Avenue
Staten Island, NY 10301-1201

Re: *Public Administrator as Administrator of the Estate of Lena Bell*
*334 Convent Corporation v. Novarro Bell*
Premises: 334 Covent Avenue, New York, New York

Dear Mr. Bell:

Late in the day on Wednesday, December 2nd, I was informed by members of your family that the Public Administrator as Administrator of the Estate of Lena Bell scheduled the above referenced property for auction on December 9th and that Charles Woods had filed a proceeding to prevent the auction. I immediately contacted Charles Fiore, the attorney for the Public Administrator, to confirm that the property was being offered for sale and to see if he was aware that there was a court proceeding on the calendar for Thursday morning at 9:30 am. Mr. Fiore stated that the property was being offered for sale through the Estate of Lena Bell for the benefit of her heirs, Clifton Bell and Charles Woods. He further informed me that he was not aware that Charles Woods had filed a proceeding to stop that sale, but that he would be in court the next day to see what was before the judge.

I spoke with Tanya Marshall who informed me that Charles Woods had hired Dwayne Bentley as his attorney. I called Mr. Bentley who confirmed that he filed papers on Mr. Woods' behalf to stop the sale and that he was going to appear in court on Thursday morning to argue his motion before the court.

I was told that you were away and not available to discuss these developments with me so I called Ms. Marshall and told her that I would appear in court on Thursday and that I could be reached by cell phone before the 9:30 appearance if you wished to contact me.

On my way to the Surrogate's Court, I received an email from Ms. Marshall stating "Mr.

BERMAN, HENOCH, PETERSON, PEDDY & FENCHEL, P.C.

Bell, does not authorize allowing his property to proceed to foreclosure." I called Ms. Marshall and explained that there was <u>no</u> foreclosure sale of the property, but I would not oppose Mr. Woods' proceeding. I appeared before the Judge prepared to fully support Mr. Woods' proceeding to stop the sale. However, Mr. Woods' attorney argued that his client, Charles Woods, was the only heir of the Estate of Lena Bell. I had no choice but to tell the Judge that Mr. Woods was not being truthful and that there are two heirs of Lena Bell, Clifton Bell and Charles Woods.

Nevertheless, I argued that you were out of town, we had no notice of the sale and that we needed time to fully discuss the matter and therefore you supported Mr. Woods' request to stop the sale. For various reasons, including Mr. Woods being the cause of many of the problems with the property, <u>the Judge denied our request</u>.

Does the Public Administrator have the right to sell 334 Convent Avenue?

The Public Administrator is the court appointed Administrator (same as Executor) of the Estate of Lena Bell. The Administrator must protect the assets of the Estate and owes a duty to act in the best interests of the heirs <u>and</u> the creditors of the Estate. The only asset of the Estate is 334 Convent Avenue.

Usually, when an individual dies with real estate it automatically passes to his or her heirs. However, the Administrator has a right to sell the property to pay estate expenses, debts or for purposes of distribution to more than one heir. Given all of the issues with 334 Convent Avenue, the Public Administrator does have the legal right to sell the property on behalf of the estate.

Problems with 334 Convent Avenue and the Estate of Lena Bell

1. The Public Administrator's attorney has been working on the fraudulent deed issues for several years but have never been paid because the Estate of Lena Bell has no funds.

2. It is unknown if anyone has been collecting rents, but rents generated by 334 Convent Avenue belong to the Estate of Lena Bell. It is possible that rents may have been improperly collected by Charles Woods.

3. Dating back to 2011, the City has sold four (4) real estate tax liens to The Bank of New York. These tax liens may be substantial and are subject to an extremely high rate of interest. <u>Worse yet, the bank may foreclose on the liens at any time.</u>

4. Because of the recorded fraudulent deeds including the one issued by Charles Woods to John Kojo Zi, there are many clouds on title. Further, John Kojo Zi's alleged transfer of the property to a Corporation has caused you to have a default judgment filed against you which I am fighting in the New York County Supreme Court. As for the fraudulent deed signed by Charles Woods, the Public Administrator's attorney and I believe that the Judge will

DWYER LAW FIRM
*Attorney for Debtor*
85 Broad Street, Floor 18
New York, NY 10004
Tel: (212) 203-4757
Email: info@dwyerlawnyc.com

Hearing date: March 23, 2016
Hearing time: 10 AM

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In Re:
**Charles Woods,**

        Debtor.
------------------------------------------------------------x

Case No.: 1:15-13262-MG
Chapter 7
Judge Martin Glenn

Notice of Motion to Convert    From Chapter 7 to 13

PLEASE TAKE NOTICE, that Tanya P. Dwyer, Esq. of Dwyer Law Firm, the attorney for the above captioned debtor will move this Court before the Honorable Martin Glenn, Bankruptcy Judge, at the United States Bankruptcy Court, One Bowling Green, New York, New York, Courtroom 523 on the 23rd of March, 2016 at 10:00 A.M. or as soon thereafter as counsel can be heard, for an Order to convert the Debtors' case from Chapter 7 to Chapter 13 pursuant to Title 11 U.S.C. Section 706 (a) and Section 363(f).

PLEASE TAKE FURTHER NOTICE that any opposition to this motion shall be made, in writing, three days prior to the return date.

Dated: New York, New York
       February 11, 2016

/s/ Tanya P. Dwyer
Tanya P. Dwyer, Esq. (TD2845)
Dwyer Law Firm, LLC
*Attorneys for the Debtor*
85 Broad Street, Floor 18
New York, NY 10004
(212) 518-3663
Tanya@DwyerLawNYC.com

DWYER LAW FIRM  
*Attorney for Debtor*  
85 Broad Street, Floor 18  
New York, NY 10004  
Tel: (212) 203-4757  
Email: info@dwyerlawnyc.com  

Hearing date:  
Hearing time:  

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-----------------------------------------------------------x  
In Re:  

**Charles Woods,**  

                            Debtor.  
-----------------------------------------------------------x  

Case No.: 1:15-13262-MG  
Chapter 7  

Judge Martin Glenn  

Affirmation in Support of  
Motion to Convert From  
Chapter 7 to Chapter 13  

Tanya P. Dwyer, an attorney duly admitted to practice law in the State of New York and the Southern District of New York, does swear that:

1. I am the attorney for Charles Woods (the "Debtor") and am fully familiar with all the facts and circumstances herein.

2. This affirmation is submitted in support of the Debtor's motion seeking to convert this case to a case under Chapter 13 pursuant to 11 U.S.C. Section 363(f) and 706 (a) of the United States Code (the "Code").

## BACKGROUND

3. The Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the

4. Bankruptcy Code under case number 15-13262-MG on December 9, 2015.

5. Ian J. Gazes was appointed the Chapter 7 Trustee (the "Trustee"). Since his appointment the Trustee pursuant to Section 702 of the Bankruptcy Code, had duly qualified and continues to act as Trustee.

6. On January 12, 2016 the Debtor appeared at the Section 341 meeting of creditors.

7. The meeting was adjourned so that Debtor could hire counsel and provide proof of property insurance for his residence.

8. The undersigned agreed to represent the Debtor by reviewing and amending the petition and converting the case to a Chapter 13 given the discretionary income and desire of the debtor to maintain control of his future interests, the property in which he resides is the subject of probate.

9. Debtor's future interest in the Estate of Lena Bell is more than adequate to pay all creditors in the Surrogate Court matter and his creditors in this Bankruptcy.

10. Debtor whishes to repay those creditors not involved with the Surrogate Court matter through a Chapter 13 Plan.

11. The debtor's primary debts are to the State of New York, Sallie Mae and NYC Health and Hospitals Corp. The State of New York is the primary creditor in the Surrogate Court Matter. Sallie Mae and NYC Health and Hospitals Corp. are the largest creditors not involved with the Surrogate Court Matter.

12. The amount Debtor owes for emergency care is overwhelming and significant, but they are not priority. Without being able to discharge some portion of these taxes the Debtor can never get out from under. If his future interest can be liquidated without dispute then he will have the option of paying them. At present, a Chapter 13 discharge is the surest way to take responsibility for the debts while protecting his future interest in the Estate of Lena Bell.

13. In terms of the best interests of both the debtor and the creditor, it does not appear to the undersigned that a chapter 7 would protect the interests of Debtor and all of

his creditors the way a Chapter 13 would.

## CONVERSION

14. 1Section 706(a) provides:

> "The Debtor may convert a case under this
> chapter to a case under chapter 11, 12, 13 of this
> title at any time, if the case has not been
> converted under section 1112, 1208, or 1307 of
> this title. Any waiver of the right to convert a
> case under this subsection is unenforceable."

15. The Debtor is eligible to be a Debtor under Chapter 13. He receives income regularly from the Social Security Administration and his daughter, Carolyn Woods.

16. The total amount of unsecured debt is below the maximum in Section 109 effective as of the date he filed for bankruptcy. The Debtor has filed amended schedules showing his eligibility and exhibiting an ability to repay some of his debt without reliance on his future interest in the Estate of Lena Bell.

17. The Debtor is eligible.

18. The Debtor has attached Amended Schedules B, I and J as Exhibit A.

19. The Debtor will propose a 10% repayment to Sallie Mae and New York Health and Hospitals Corp, unless his future interest is vested during the repayment period, in which case he will pay his undisputed debts in full.

20. The Supreme Court of the United States decided whether a debtor has a right to convert in *Marrama v. Citizens Bank of Massachusetts*. The Court decided that

> "...the Code expressly gives a debtor who initially files under Chapter 7
> the right to convert the case to another chapter so long as the debtor
> satisfies the requirements of the destination chapter. By contrast, the Code
> pointedly does not give the bankruptcy courts the authority to deny
> conversion based on a finding of "bad faith." There is no justification for

disregarding the Code's scheme." *Marrama v. Citizens Bank of Massachusetts*, 127 S. Ct. 1105, 549 U.S. 365, 166 L. Ed. 2d 956 (2007).

21. Before reaching this conclusion, the Court reiterated the criteria for becoming a Chapter 13 Debtor.

> "The requirements that must be met in order to "be a debtor" under Chapter 13 are set forth in 11 U.S.C.A. § 109 (main ed. and Supp.2006), which is appropriately titled "Who may be a debtor." The two requirements that are specific to Chapter 13 appear in subsection (e). First, Chapter 13 is restricted to individuals, with or without their spouses, with regular income. Second, a debtor may not proceed under Chapter 13 if specified debt limits are exceeded...." *Id.*

22. The Debtor in this matter has the right to convert to Chapter 13 under the Marrama test. The case has never been converted. His debts are under $750,000 and he has regular income.

**WHEREFORE**, the Debtor requests an opportunity to propose a Chapter 13 Plan and request his case be converted to one under Chapter 13.

Dated: New York, New York
February 4, 2016

/s/ Tanya P. Dwyer
Tanya P. Dwyer, Esq. (TD2845)
Dwyer Law Firm, LLC
*Attorney for the Debtor*
85 Broad Street, Floor 18
New York, NY 10004
(212) 518-3663
Tanya@DwyerLawNYC.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re:

**Charles Woods,**

Debtor.
-----------------------------------------------------------X

Case No.: 1:15-bk-13262

Chapter 7

## AFFIDAVIT OF CHARLES WOODS

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

Charles Woods, being duly sworn, hereby deposes and says:

1. I own and control my residence, known as 334 Convent Ave., New York, NY 10031.

2. I have resided at 334 Convent Ave. since the year _1974_. It is my only home.

3. I inherited this property from my mother. Though I have had control of this property for years, my mother's estate is still being probated.

4. I filed this bankruptcy pro se to keep my home from being sold to settle property taxes. I believe that it is in my best interest to control the sale of the property since I wish to get a proper market rate buyer.

5. I also filed this bankruptcy as an avenue to be recognized as a landlord in NYC Housing Court: I have tenants that are not paying me rent or contributing to the upkeep of the building. The tenants do not have inheritance rights to the property.

6. I have hired attorney Tanya P. Dwyer, Esq. to handle the Chapter 13 plan and negotiations on my behalf. Our hope is to sell the property for its fair market value and settle with all valid claimants.

*Charles Woods*, Debtor

Sworn to before me, a Notary public of the State of New York, New York County, this 27th day of January, 2015.

Notary Public

[Notary Seal: CHRISTIAN YUNUEN ALVAREZ, NOTARY PUBLIC, ID Number 02AL6328281, Comm. Expires Jul 27 2019, QUALIFIED IN QUEENS COUNTY, STATE OF NEW YORK]